UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX FILED
JUN 30 2003
CLARENCE MADDOX
CLERK, USDC / SDF / MIA

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

KEVIN C. THELEN,

    Defendant.
_____/

CASE NO. 00-6313-CR-JORDAN

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO TRANSPORT TO FEDERAL JURISDICTION

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and files this response to defendant Kevin C. Thelen's Motion to Transport to Federal Jurisdiction Per Plea Agreement and Enforce Federal Sentence (hereinafter the "Motion") and states as follows:

### *BACKGROUND*

On March 13, 2002, defendant Kevin C. Thelen pled guilty to count three of the indictment, which count charged the defendant with distributing and attempting to distribute visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct that had been mailed, shipped and transported in interstate commere, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

On May 31, 2002, United States District Court Judge Wilke D. Ferguson, Jr. sentenced the defendant to 108 months' imprisonment, three years' supervised release and a $100 special



assessment [DE 66] (hereinafter referred to as "the Judge Ferguson sentence").

On March 6, 2003, nearly one year after the imposition of the Judge Ferguson sentence, the defendant was sentenced to a term of incarceration of 14 years, six months for seven cases, some totally unrelated to the instant count of conviction, and a five year term of incarceration for an eighth unrelated case, all in the Circuit Court for the Seventeenth Judicial Circuit, Broward County, Florida. A copy of the defendant's current prison sentence history published by the Florida Department of Corrections website is attached hereto as Exhibit "A" (hereinafter referred to as the "state sentence").

The instant Motion was filed on April 30, 2003. The defendant alleges "that all parties did agree" that the Judge Ferguson sentence would run concurrently to the then yet to be imposed state sentence and that the defendant would serve all of these concurrent sentences in federal custody [DE 69, p. 2]. Neither the plea agreement [DE 57] nor the judgment [DE 66] refer to, contemplate or, in any way, corroborate these allegations. Furthermore, the plea agreement states that it is "the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings" [DE 57, par. 9]. Additionally, although the defendant claims that the failure to enforce the sentences in this fashion violates the Interstate Agreement on Detainers Act[1] and the Fifth Amendment to the United States Constitution, he fails to articulate what was violated and how it was violated.

Finally, it should be noted that the record demonstrates that the defendant failed to

---

[1] 18 App. Section 2 was enacted to encourage the expeditious and orderly disposition of pending criminal charges in multiple jurisdictions. Article III(a) - (f) provides the prisoner with a mechanism to force other jurisdictions with separate pending criminal charges to bring him to trial within 180 days once a term of imprisonment has been entered in the jurisdiction in which he is currently being detained. The remaining Articles appear to set forth the procedures to transfer, hold and return prisoners who have been charged in multiple jurisdictions.

(1) attempt to correct what he now claims is an omission in the judgment, (2) explain how the Judge Ferguson sentence could run concurrent to a future sentence in another jurisdiction and (3) file a notice of appeal or a motion to vacate pursuant to 28 U.S.C. § 2255.

## *GOVERNMENT'S RESPONSE*

Although the defendant does not style the Motion as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, he seeks to enforce various alleged promises made by the government which were not contained in his plea agreement and various aspects of his incarceration. Although the Motion clearly lacks merit, it is now incumbent upon the Court to warn the defendant of the consequences of recharacterizing the Motion and provide him with the opportunity for it to be ruled upon, amended, or dismissed.

Federal courts historically have been solicitous of the rights of pro se litigants. *Ranieri v. United States*, 233 F.3d 96, 97 (2d Cir. 2000), *citing, E.g., Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *Prou v. United States*, 199 F.3d 37, 42 (1st Cir.1999). "As part and parcel of that solicitude, courts frequently have recharacterized inartfully drawn pleadings to assist pro se prisoners who mistakenly relied on inappropriate rules or statutes." *Ranieri v. United States*, 233 F.3d at 97.

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996) (codified in scattered sections of 28 U.S.C.) changed the practice in respect to post-conviction motions in criminal cases. *Id.* Under AEDPA, a prisoner, whether federal or state, retains the right to press a first petition for a writ of habeas corpus but second or successive petitions may be pressed only under very limited circumstances. See 28 U.S.C. §§ 2255, 2244(b). *Id.* If a district court receiving a motion under some other provision of law elects

to treat it as a motion under § 2255 and then denies it, that may cause the movant's subsequent filing of a motion under § 2255 to be barred as successive under the AEDPA. *Adams v United States*, 155 F.3d 582, 583 (2d Cir. 1998). "This change in the law raised the stakes attendant to recharacterizing a post-conviction motion as a habeas petition: conversion, though initially meant to guide a prisoner through the thicket of legal technicalities, suddenly had the potential to deprive him of his one full and fair opportunity to seek habeas relief." *Ranieri v. United States*, 233 F.3d at 97.

In *Castro v. United States*, 290 F.3d 1270, 1274 (11th Cir. 2002), the Eleventh Circuit agreed with the majority of circuits that district courts should warn prisoners of the consequences of recharacterizing their initial motions. The Court stated:

> "[d]istrict courts should warn prisoners of the consequences of recharacterization and provide them with the opportunity to amend or dismiss their filings. *United States v. Miller,* 197 F.3d 644, 652 (3d Cir.1999) (stating that "upon receipt of pro se pleadings challenging an inmate's conviction or incarceration--whether styled as a § 2255 motion or not--a district court should issue a notice to the petitioner regarding the effect of his pleadings. *This notice should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period.")*; *Adams,* 155 F.3d at 584 (holding that "[a]t least until it is decided whether such a conversion or re-characterization can affect the movant's right to bring a future habeas petition, district courts should not re-characterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such re-characterization, agrees to have the motion so re-characterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so re-characterized"); *see also Henderson v. United States,* 264 F.3d 709, 711 (7th Cir.2001) (holding that a court should not

deem a Rule 33 or other mislabeled motion a § 2255 motion "unless the movant has been warned about the consequences of his mistake"); *United States v. Kelly,* 235 F.3d 1238, 1242 (10th Cir.2000) ( "[W]e hold that district courts should use the procedure adopted in *Adams* for dealing with pro se post-conviction motions not expressly made under § 2255...."); *United States v. Seesing,* 234 F.3d 456, 464 (9th Cir.2000) (adopting the procedure set forth in *Adams* to address circumstances where a court is presented with a pro se motion that could be recharacterized as a § 2255 motion).

*Castro,* 290 F.3d at 1274-1275 (emphasis supplied).

## CONCLUSION

Therefore, for the reasons set forth above, the government respectfully requests that the Court advise the defendant that he can (a) have the Motion ruled upon as filed; (b) have the Motion recharacterized as a §2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (c) withdraw the Motion, and file one all-inclusive §2255 petition within the one-year statutory period.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
JEFFREY H. SLOMAN
ASSISTANT UNITED STATES ATTORNEY
FL. BAR NO. 378879
500 E. BROWARD BLVD., STE. 700
FT. LAUDERDALE, FL 33394-3002
Tel: (954) 356-7255, ext. 3576

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 30th day of June 2003 to: Kevin C. Thelen, D.C. #B01002, Gulf Correctional Institution, Wewachitchka, Florida 32465.

_____
JEFFREY H. SLOMAN
Assistant United States Attorney



**Corrections Offender Network**

**Inmate Population Information Detail**
(This information was current as of 6/22/03)



| | |
|---|---|
| DC Number: | B01002 |
| Name: | THELEN, KEVIN |
| Race: | WHITE |
| Sex: | MALE |
| Hair Color: | BROWN |
| Eye Color: | BROWN |
| Height: | 6'04" |
| Weight: | 180 |
| Birth Date: | 03/12/1957 |
| Initial Receipt Date: | 03/20/2003 |
| Current Facility: | GULF C.I.- WEST UNIT |
| Current Classification Status: | NOT APPLICABLE |
| Current Custody: | MEDIUM |
| Current Release Date: | 06/11/2016 |

(Release Date subject to change pending gain time award, gain time forfeiture, or review. A 'TO BE SET' Release Date is to be established pending review.)

**Special Note:**
See Detainer Section

Aliases:

EXHIBIT "A"

KEVIN THELAN|KEVIN THELEN

**Identifiers:**
FINGERPRINT CLASS - NA

**Current Prison Sentence History:**

| Offense Date | Offense | Sentence Date | County | Case No. | Prison Sentence Length |
|---|---|---|---|---|---|
| 06/01/1998 | ADLT SEX W/16-17 YR OLD | 03/06/2003 | BROWARD | 0013035 | 14Y 6M 0D |
| 06/01/1998 | ABUSE OF CHILD,ENG SEX PERFM. | 03/06/2003 | BROWARD | 0013035 | 14Y 6M 0D |
| 11/29/1998 | OTH.DRUG-SALE/MANUF/DELIV | 03/06/2003 | BROWARD | 9824018 | 14Y 6M 0D |
| 11/29/1998 | POSSESS MDMA | 03/06/2003 | BROWARD | 9824018 | 14Y 6M 0D |
| 05/01/1999 | ADLT SEX W/16-17 YR OLD | 03/06/2003 | BROWARD | 0008936 | 14Y 6M 0D |
| 12/01/1999 | ADLT SEX W/16-17 YR OLD | 03/06/2003 | BROWARD | 0006888 | 14Y 6M 0D |
| 01/01/2000 | ADLT SEX W/16-17 YR OLD | 03/06/2003 | BROWARD | 0006888 | 14Y 6M 0D |
| 01/11/2002 | UNAUTH POSS/USE OF DL/ID | 03/06/2003 | BROWARD | 0200626 | 5Y 0M 0D |

*Note: The offense descriptions are truncated and do not necessarily reflect the crime of conviction. Please refer to the court documents or the Florida Statutes for further information or definition.*

**Detainers:** (Further information may be obtained by contacting the detaining agency)

| Detainer Date | Agency | Type | Date Canceled |
|---|---|---|---|
| 04/22/2003 | USM - FT LAUDERDALE | DETAIN | |
| 05/29/2003 | NTFY:17-0 P&P INTAKE | NTFY/P&P | |

**Incarceration History:**

| Date In-Custody | Date Out-of-Custody |
|---|---|
| 03/20/2003 | Currently Incarcerated |

*The Florida Department of Corrections updates this information regularly, to ensure that it is complete and accurate, however this information can change quickly. Therefore, the information on this site may not reflect the true current location, status, release date, or other information regarding an inmate.*

*This database contains public record information on felony offenders sentenced to the Department of Corrections. This information only includes offenders sentenced to state prison or state supervision. Information contained herein includes current and prior offenses. Offense types include related crimes such as attempts, conspiracies and solicitations to commit crimes. Information on offenders sentenced to county jail, county probation, or any other form of supervision is not contained. The information is derived from court records provided to the Department of Corrections and is made available as a public service to interested citizens. The Department of Corrections makes no guarantee as to the accuracy or completeness of the information contained herein. Any person who believes information provided is not accurate may contact the Department of Corrections.*

*For questions and comments, you may contact the Department of Corrections, Bureau of Classification and Central Records, at (850) 488-9859 or go to Frequently Asked Questions About Inmates for more information. This information is made available to the public and law enforcement in the interest of public safety.*


 Record: 1 of 1

Search Criteria: Search Aliases: off Sex: ALL Race: ALL DC#: B01002 Offense Category: ALL Identifier Type: ALL County of Commitment: ALL Current Location: ALL Eye Color: ALL Hair Color: ALL

Return to Corrections Offender Information Network

Home | Highlights | Reports | Facilities | Offender Search | FAQs | Search | Contact
Privacy Policy